# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## (Southern Division)

| | | |
|---|---|---|
| Federal Insurance Company, as subrogee of | : | |
| Paul G. Edenbaum, | : | Civil Action No.:  8:12-cv-00410 |
| 15 Mountain View Road | : | |
| Warren, NJ 07059 | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| Sherri F. Edenbaum | : | |
| 6421 Bradley Boulevard | : | |
| Bethesda, MD 20817 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Federal Insurance Company, as subrogee of Paul G. Edenbaum, by and through its undersigned counsel, hereby alleges as follows:

## PARTIES

1.      Plaintiff, Federal Insurance Company, is a corporation organized under the laws of Indiana, with its principal place of business at 15 Mountain View Road, Warren, New Jersey 07059.

2.      At all times relevant hereto, Plaintiff was licensed to issue insurance policies in the State of Maryland.

3.      At all times relevant hereto, Paul G. Edenbaum ("Mr. Edenbaum") owned and resided in the property located at 7803 Radnor Road, Bethesda, Maryland, 20817 ("the Subject Property").

4.      At all times relevant hereto, Plaintiff insured the real and personal property owned by Mr. Edenbaum and located at 7803 Radnor Road, Bethesda, Maryland, 20817, pursuant to policy number 1223438310.

5.      Defendant, Sherri F. Edenbaum ("Defendant"), the estranged spouse of Mr. Edenbaum, is an individual currently residing at 6421 Bradley Boulevard, Bethesda, Maryland 20817.

## JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the amount in controversy exceeds $75,000.00 exclusive of the interest and costs of this action.

7.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claim occurred in this District.

## FACTUAL ALLEGATIONS

8.      At all times relevant hereto, Mr. Edenbaum owned and resided in the Subject Property.

9.      On January 29, 2011, there was a fire ("the Fire") at the Subject Property.

10.      The Fire was intentionally set by the Defendant.

11.      The Fire damaged and destroyed the Subject Property and the personal property therein.

12.      On June 3, 2011, in criminal action number 118098C in the Circuit Court for Montgomery County, Defendant pled guilty to Arson-Second Degree for setting fire to the Subject Property.   On December 1, 2011, the Circuit Court ordered that the Defendant pay restitution to Plaintiff in the amount of $890,649.23 with leave to file a supplemental claim. The

court also stayed entry of this order of restitution until September 11, 2012.  To date, the

Defendant has not paid any monies in satisfaction of this criminal order of restitution and the

Defendant has not paid any monies as an offset to, or in satisfaction of, her civil liability to the

Plaintiff as hereinafter alleged.

13.      Mr. Edenbaum submitted a claim to Plaintiff for the damage caused by the Fire

and, pursuant to its policy of insurance, Plaintiff has paid Mr. Edenbaum a sum in excess of

$890,649.23.

14.      In accordance with the policy of insurance it issued to Mr. Edenbaum, as well as

the common law principles of legal and equitable subrogation, Plaintiff, by virtue and to the

extent of its payments, is subrogated to Mr. Edenbaum's right of recovery from Defendant.

## COUNT I – CONVERSION

15.      Plaintiff incorporates the paragraphs preceding Count I as if fully set forth herein.

16.      By setting the Fire, and destroying much of the Subject Property and the personal

property therein, Defendant exercised dominion over Mr. Edenbaum's property.

17.      By setting the Fire, and destroying much of the Subject Property and the personal

property therein, Defendant committed a distinct act of ownership of Mr. Edenbaum's property.

18.      Defendant's unauthorized exercise of dominion over and ownership of, Mr.

Edenbaum's property completely and permanently interfered with Mr. Edenbaum's use and

enjoyment of that property.

19.      Defendant's unauthorized exercise of dominion over and ownership of, Mr.

Edenbaum's property also completely and permanently excluded Mr. Edenbaum from using

and/or enjoying his property.

20.     Defendant's arson of the Subject Property and the personal property therein was inconsistent with Mr. Edenbaum's ownership of, and possessory interest in, that property.

21.     As a direct result of the damage caused by this conversion of his property, Mr. Edenbaum submitted a claim to Plaintiff.

22.     Plaintiff, pursuant to its policy of insurance, made payments to Mr. Edenbaum.

23.     By virtue of its payments, Plaintiff is legally and equitably subrogated, to the extent of its payments, to Mr. Edenbaum's rights to recovery against Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant, Sherri F. Edenbaum, in an amount in excess of $890,649.23, together with the interest and costs of this action, and such other relief as may be deemed just and proper under the law.

## COUNT II – TRESPASS TO LAND AND CHATTELS

24.     Plaintiff incorporates the paragraphs preceding Count II as if fully set forth herein.

25.     Defendant, by setting the Fire which destroyed much of the Subject Property and the personal property therein, intentionally and physically entered upon the Subject Property without permission.

26.     In doing so, Defendant intentionally interfered with Mr. Edenbaum's possessory interest in his property, as well as his use and enjoyment of that property.

27.     Defendant's arson of the Subject Property was a physical act against Mr. Edenbaum's property, which she executed without Mr. Edenbaum's consent, authority, or permission.

28.     Defendant's trespass against Mr. Edenbaum's property caused substantial damage to the Subject Property and the personal property therein.

29.     Mr. Edenbaum submitted a claim to Plaintiff for the damage caused by Defendant's trespass.

30.     Plaintiff, pursuant to its policy of insurance, made payments to Mr. Edenbaum.

31.     By virtue of its payments, Plaintiff is legally and equitably subrogated, to the extent of its payments, to Mr. Edenbaum's rights to recovery against Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant, Sherri F. Edenbaum, in an amount in excess of $890,649.23, together with the interest and costs of this action, and such other relief as may be deemed just and proper under the law.

## COUNT III – NEGLIGENCE

32.     Plaintiff incorporates the paragraphs preceding Count III as if fully set forth herein.

33.     Defendant had a duty not to create an unreasonable risk of fire damage to the Subject Property and the personal property therein.

34.     Defendant breached her duty not to create an unreasonable risk of fire damage to the Subject Property and the personal property therein when she set fire to the Subject Property.

35.     The damage to the Subject Property and personal property therein was the direct and proximate result of the negligent, careless, and/or reckless acts and/or omissions acts and omissions of Defendant as follows:

A.     Setting fire to the Subject Property;

B.     Creating an unreasonable risk of fire damage to the Subject Property and personal property therein;

C.     Failing to take adequate measures to prevent the risk of fire damage to the Subject Property and personal property therein; and

D.     Otherwise failing to act with due care under the circumstances.

36.     As a direct and proximate result of these negligent, careless, and/or reckless acts and/or omissions acts and omissions, the Subject Property and personal property therein were severely damaged by fire.

37.     Plaintiff's insured made claim, and received payment, for the damage to his property pursuant to Plaintiff's policy of insurance.

38.     By virtue of its payments, Plaintiff is legally and equitably subrogated, to the extent of its payments, to Mr. Edenbaum's rights to recovery against Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant, Sherri F. Edenbaum, in an amount in excess of $890,649.23, together with the interest and costs of this action, and such other relief as may be deemed just and proper under the law.

Dated:  February 10, 2012                         Respectfully submitted,

                                                  MESIROW & STRAVITZ, PLLC


                                         By:      /s/ Eric N. Stravitz
                                                  Eric N. Stravitz  (Bar No. 23610)
                                                  1307 New Hampshire Avenue, N.W.
                                                  Suite 400
                                                  Washington, DC 20036
                                                  O: (202) 463-0303
                                                  F: (202) 861-8858
                                                  E: eric@metrodclaw.com


Of Counsel:
Daniel C. Theveny, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103
(215) 665-4194
dtheveny@cozen.com

## CERTIFICATE OF GOOD STANDING

I HEREBY CERTIFY that I am a member in good standing of the Maryland State Bar

and that I am admitted to practice law in the State of Maryland and before this Honorable Court.


/s/ Eric N. Stravitz
Eric N. Stravitz


## JURY DEMAND

Plaintiff requests a trial by jury as to all counts herein.


/s/ Eric N. Stravitz
Eric N. Stravitz