IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **FEDERAL INSURANCE COMPANY, as** * | |
| **Subrogee of PAUL G. EDENBAUM** * | |
| * | |
| v. * | Civil No. JKS 12-410 |
| * | |
| **SHERRI F. EDENBAUM** * | |
| * | |

## MEMORANDUM OPINION

Presently pending before this court is a motion by plaintiff-subrogee Federal Insurance Company (Federal Insurance) to strike several affirmative defenses pled by defendant Sherri Edenbaum in her Answer to Federal Insurance's Complaint. (ECF No. 14). The motion is ready for resolution, and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, Federal Insurance's motion will be denied.

**I.     Background.**

This diversity-based[1] subrogation action arises from a January 29, 2011 fire that occurred at the home of Paul and Sherri Edenbaum,[2] located at 7803 Radnor Road in Bethesda, Maryland. (ECF No. 1 ¶¶ 3, 9). The fire caused substantial damage and destruction to the home, as well as to the personal property contained therein. (ECF No. 1 ¶ 11).

---

[1] Because this case arises as a diversity action, the substantive law of Maryland, as the law of the state where the alleged injury occurred, applies in this case. *See, e.g., Fluxo-Cane Overseas Ltd. v. E.D. & F. Man Sugar, Inc.*, 599 F. Supp. 2d 639, 642–43 (D. Md. 2009).

[2] Federal Insurance characterizes Mr. Edenbaum as the sole owner the property. (*See, e.g.,* ECF No. 1 ¶¶ 3, 4, 26). Although Mrs. Edenbaum was estranged from her husband and did not reside in the home at the time of the fire, ECF No. 1 ¶ 5, Mrs. Edenbaum contends that she "was still an owner of th[e] marital home when the fire occurred," and that there is "a question of fact as to whether [she] entered the property" without Mr. Edenbaum's permission. (*See* ECF No. 15 at 6).

On June 3, 2011, defendant Sherri Edenbaum, Mr. Edenbaum's estranged spouse, pled guilty in the Circuit Court of Montgomery County to second degree arson[3] for setting fire to the home. (ECF No. 1 ¶ 12). The Circuit Court accepted the guilty plea, entered a probation before judgment, suspended Mrs. Edenbaum's five-year sentence, and ordered her to pay restitution in the amount of $860,649.23, staying the order of restitution until September 11, 2012. (ECF No. 1 ¶ 12; ECF No. 15 at 9–12).

Mr. Edenbaum submitted a claim to Federal Insurance for the damage caused by the fire. (ECF No. 1 ¶ 13). In satisfaction of Mr. Edenbaum's claim, Federal Insurance paid Mr. Edenbaum a sum in excess of $890,649.23, thereby subrogating itself to Mr. Edenbaum's right of recovery from Mrs. Edenbaum. (ECF No. 1 ¶¶ 13, 14).

On February 10, 2012, Federal Insurance filed the instant civil action against Mrs. Edenbaum, alleging conversion, trespass to land and chattels, and negligence. (ECF No. 1). In her Answer, Mrs. Edenbaum submitted forty-two separate defenses, including the six affirmative defenses that Federal Insurance seeks to strike in the instant motion: the Second Defense, alleging Mr. Edenbaum's contributory negligence; the Third Defense, alleging Mr. Edenbaum's assumption of risk; the Ninth Defense, denying the existence of a causal relationship between the damages claimed and any act or omission by Mrs. Edenbaum; the Tenth Defense, generally denying Mrs. Edenbaum's liability; the Twenty-Third Defense, denying commission of trespass; and the Twenty-Sixth Defense, denying the commission of conversion. (*See* ECF No. 4).

II.     **Standard of Review.**

Pursuant to Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R.

---

[3] Under Maryland law, second degree arson involves "willfully and maliciously set[ting] fire to or burn[ing] a structure that belongs to the person or to another." MD. CODE ANN., CRIM. LAW § 6-103 (2012).

CIV. P. 12(f). Moreover, the court may "strike a defense that is clearly insufficient as a matter of law." *Haley Paint Co. v. E.I. du Pont de Nemours & Co.*, 279 F.R.D. 331, 335 (D. Md. 2012). In determining whether to strike a defense, the court "enjoys wide discretion . . . in order to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Id.* at 336. A defense "that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 1381, 665 (2d ed. 1990) (internal quotations omitted)).

However, a Rule 12(f) motion is generally viewed as "a drastic remedy which is disfavored by the courts and is infrequently granted." *NCUA v. First Union Capital Mtks. Corp.*, 189 F.R.D. 158, 162 (D. Md. 1999). Courts disfavor granting motions to strike because "it is difficult to establish that a defense is clearly insufficient" and because "striking a portion of a pleading . . . is often sought by the movant simply as a dilatory tactic." *Id.*; *Haley Paint Co.*, 279 F.R.D. at 336. A motion to strike "should not be granted when the sufficiency of the defense depends upon disputed issues of fact or unclear questions of law." *NCUA*, 189 F.R.D. at 163. "The purpose of such narrow standards is to provide a party the opportunity to prove [her] allegations if there is a possibility that [her] defense or defenses may succeed after a full hearing on the merits." *Id.* at 163 (internal citations omitted). "Thus, prior to striking defenses the court must be convinced there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Id.* (quoting *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W.Va. 1993)).

**III.     Discussion.**

    **A. Admissibility**

Federal Insurance contends that because Mrs. Edenbaum pled guilty to second degree arson, thereby admitting that she willfully and maliciously started the fire, any affirmative defenses that contradict her guilty plea are insufficient, invalid as a matter of law, and must be stricken. (ECF No. 14 at 2, 3–6).

Mrs. Edenbaum responds that her guilty plea is not admissible under Federal Rule of Evidence 803(22) because an entry of probation before judgment does not satisfy the "final judgment" requirement of the Rule. (ECF No. 15 at 1–2). While Mrs. Edenbaum is correct—and Federal Insurance agrees—that Mrs. Edenbaum's entrance of a guilty plea is not rendered admissible by Rule 803(22), Federal Insurance is ultimately correct that Mrs. Edenbaum's guilty plea is admissible as an admission of a party opponent under Rule 801(d)(2).

"Generally, when a guilty plea to a criminal charge is admitted in a subsequent civil action, it is under the auspices of an admission by a party-opponent."[4]  *Crane v. Dunn*, 382 Md. 83, 96 (2004); *Briggeman v. Albert*, 322 Md. 133, 135 (1991). Such admissions do not need a hearsay exception to be admissible; instead, they are simply excluded from the definition of hearsay altogether. *See* FED. R. EVID. 801(d). Rule 801(d)(2) goes on to define an admission by a party opponent as a "statement[5] that is offered against an opposing party and (A) was made by the party in an individual or representative capacity [or] (B) is one the party manifested that it adopted or believed to be true." FED. R. EVID. 801(d)(2)(A), (B). By pleading guilty to second degree arson, Mrs. Edenbaum admitted that she willfully and maliciously set fire to and/or

---

[4] A defendant "may choose to plead *nolo contendre* in order to avoid the admissibility of the plea." *Briggeman*, 322 Md. at 135 (citing *Agnew v. State*, 51 Md.App. 614, 651–53, *cert. denied*, 294 Md. 441 (1982)).

[5] A "statement" can take the form of an oral assertion, a written assertion, or non-verbal conduct. *See* FED. R. EVID. 801(a).

burned the subject property.  *See* MD. CODE ANN., CRIM. LAW § 6-103 (2012).  Because she is a party opponent to Federal Insurance, her admission satisfies the criteria for use against her in this civil action.

### B.  Plea Use In Subsequent Civil Action

Mrs. Edenbaum claims that her admission does not conclusively establish her civil liability, but rather that her guilty plea can only be proffered as rebuttable evidence of her liability for the fire and any resulting damages.  (ECF No. 15 at 13–14).  While no Maryland cases address the narrow issue of the use of a guilty plea in a subsequent civil action when the criminal case resulted in probation before judgment,[6] in cases where a *final* judgment is entered after a guilty plea, the plea's admission does not conclusively establish liability, but rather may be rebutted or explained in the subsequent civil case.  *Brohawn*, 276 Md. at 403 (citing *Nicholson v. Snyder*, 97 Md. 415, 425 (1903)).  The reasoning behind this rule is best explained by the following:

> When a plea of guilty has been entered in the prior action, no issues have been "drawn into controversy" by a "full presentation" of the case. It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation. Considerations of fairness to civil litigants and regard for the expeditious administration of criminal justice . . . combine to prohibit the application of collateral estoppel against a party who, having pleaded guilty to a criminal charge, seeks for the first time to litigate his cause in a civil action.

*Brohawn*, 276 Md. at 403–404 (quoting *Teitelbaum Furs, Inc. v. Dominion Insurance Co.*, 375 P. 2d 439, 441 (1962), *rev'd on other grounds*, *People v. Yartz*, 37 Cal. 4th 529 (2005)).  Federal Insurance offers no basis for a holding that would give greater effect to a plea that does not result in a judgment then is given to a plea upon which judgment is entered.

---

[6] Two Fourth Circuit cases address the use of probation before judgment in a subsequent civil or administrative case. *See Zinkand v. Brown*, 478 F.3d 634 (4th Cir. 2007) (finding that estoppel did not apply in a subsequent § 1983 action where a criminal defendant, charged with drug offenses and resisting arrest, entered an Alford plea and received probation before judgment in the criminal action); *Yanez-Popp v. INS*, 998 F.2d 231 (4th Cir. 1993) (allowing the use of a non-immigrant visitor's guilty plea as a "conviction" for the purpose of deportation).

Granting a Rule 12(f) motion is disfavored, and before striking a defense, "the court must be convinced there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *NCUA*, 189 F.R.D. at 163. Mrs. Edenbaum offers specific examples of facts that would support each of her affirmative defenses without being inconsistent with her admission that she started this fire. (ECF No. 15 at 5–6). In reply, Federal Insurance merely repeats its conclusory assertions that Mrs. Edenbaum's guilty plea precludes her from contending that she does not bear full, complete, and exclusive responsibility for the fire and all of its consequent damages. Federal Insurance has thus failed to show that there are no disputed facts with potential relevance to the defenses it seeks to strike. This court cannot conclude, at this stage of the litigation, that "under no set of circumstances" could Mrs. Edenbaum's affirmative defenses succeed.

In sum, this court will not fashion a new rule to grant Mrs. Edenbaum's guilty plea the status of conclusive, issue-precluding evidence. Instead, the court will apply the law that Maryland state courts have established for the use and effect of guilty pleas in subsequent civil actions: they are both admissible and rebuttable.

**IV.   Conclusion.**

For the foregoing reasons, plaintiff-subrogee Federal Insurance's Motion to Strike will be denied. A separate Order will follow.


Date:___July 6, 2012_____                              /S/_____
                                                JILLYN K. SCHULZE
                                              United States Magistrate Judge